Cornwell v. Broom.

34 391,
64 126
64 660,

## GEORGE W. CORNWELL

v.

## ARMINDA J. BROOM, ADM'X, ETC.

*Negotiable Instruments—Note—Practice—Bill of Exceptions—Pleading.*

In an action on a promissory note, resulting in a judgment for the plaintiff, the defense relied on being based upon the statute of limitations, this court holds that, there being no bill of exceptions, and the question relied on not being properly presented by the pleadings, the judgment of the court below must be affirmed.

[Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of Effingham County; the Hon. C. B. BOGGS, Judge, presiding.

Messrs. RINEHART & WRIGHT, for appellant.

Mr. HENRY B. KEPLEY, for appellee.

GREEN, J. This suit was brought January 30, 1889, by appellee as administratrix of the estate of John Broom, deceased, against Cornwell and William Gillmore, to recover the principal and interest of a promissory note given by defendant to her intestate. The suit was dismissed by the court as to Gillmore, and a jury having been waived by plaintiff and Cornwell, the cause was tried by the court and a finding and judgment for plaintiff, against Cornwell, for $913.33, the amount of principal and interest due on said note, and for costs of suit. To reverse said judgment Cornwell took this appeal.

Plaintiff's declaration consisted of one special count on the note, and one common count for money due on account stated. In the special count it is averred said note was made and delivered by defendants to John Broom in his lifetime on *August 11, 1865*, and was for the sum of $300, payable to Broom one day after date, with ten per cent interest per annum. Gillmore pleaded non-assumpsit, to which was a similiter, and also pleaded the sixteen years limitation in bar. Plaintiff replied a payment by defendants to Broom of $45 on said note, April 22, 1876, then indorsed thereon, and within less than sixteen years prior to bringing the suit. Gillmore rejoined that the alleged payment was made by defendant Cornwell only, and not by defendant Gillmore; that Gillmore executed said note as security only for Cornwell, who was principal, and received the sole consideration therefor, and he alone made said alleged payment without the knowledge or assent or subsequent ratification of defendant Gillmore. To this rejoinder plaintiff interposed a general demurrer which the court overruled, and plaintiff refusing to further plead, the court dismissed the suit as to Gillmore.

Cornwell v. Broom.

Appellant, for himself, pleaded the general issue (to which plaintiff added similiter) and also pleaded in bar of the suit, that the supposed causes of action did not, nor did any or either of them accrue within *ten years* next before the commencement of the suit; to this plea plaintiff interposed a general demurrer, which was sustained by the court, to which ruling said defendant duly excepted, and elected to abide by the plea.

There is no bill of exceptions in the record, so that we are not advised as to the evidence introduced, or the rulings of the court at the trial upon the merits, under the general issue; hence we are bound to presume the court had sufficient evidence before it to justify the finding for plaintiff, and judgment under that issue; nor do we understand appellant to insist upon the reversal of the judgment for any reason other than that the court erred in sustaining the demurrer to appellant's plea of *ten years limitation* and thereby cut him off from and deprived him of a complete and full legal defense to the action.

The cause of action was the note mentioned; it bore date *August 11, 1865.* And the statute then in force limited the time within which suits might be brought on promissory notes to a period of *sixteen years* next after the cause of action accrued; this was the law of the remedy applicable to a suit brought to recover the amount due on said note; hence the plea of *ten years* limitation presented no legal defense, and the demurrer thereto was properly sustained; but counsel for appellant insist there was a payment made on this note in 1876, which in law amounted "to the making of a new note of the date of the payment or new promise," and that this new contract is governed by the limitation act in force July 1, 1872, limiting the time of commencing suits on notes to ten years next after the cause of action accrued, and therefore the plea was good. But nothing appears in the declaration or plea to support the statement that such payment had been made; on the contrary it is averred in the declaration no payment was ever made on the note sued upon and dated *August 11, 1865,* nor does the plea aver payment on the note; and in

determining the sufficiency of the plea we must look at the face of the pleadings and are not permitted to go outside and notice the copy of the note and indorsements thereon, attached to the declaration, which form no part of the pleadings. If counsel for appellant desired this court to decide whether a payment made upon this note after the limitation act of 1872 was in force, created a new contract or new note coming within the operation of that act barring the remedy after the expiration of ten years from the time the cause of action accrued, they might have presented the question by a plea properly framed; but this they have not done, and that question is not before us in this case. We perceive no error requiring us to reverse the judgment of the Circuit Court and affirm said judgment.

*Judgment affirmed.*